IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kasim Kurd, *et al.*, | ) |
| Plaintiffs, | ) Civil Action No. 1:18-cv-1117-CKK |
| v. | ) |
| The Republic of Turkey, *et al.*, | ) |
| Defendants. | ) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIVIDUAL DEFENDANTS' JOINT MOTION TO DEFER DEFAULT JUDGMENT**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 2

    A.    The Motion Is Not an Opposition to the Default Judgment Motion. ..................................... 2

    B.    Any Requirement to Meet and Confer Has Been Satisfied. ................................................... 3

    C.    The Law Favors Granting the Individual Defendants' Motion. ............................................. 4

    D.    Plaintiffs' Request for Leave to Amend Should Be Denied. ................................................. 6

CONCLUSION ............................................................................................................................... 8

# Table of Authorities

**Cases**

*Carter v. District of Columbia*, 795 F.2d 116 (D.C. Cir. 1986) .................................................. 6, 7

*Egypt Dep't of Def. v. Alboghdady*, No. 21-1144 (BAH),
   2021 WL 3737682 (D.D.C. Aug. 24, 2021) ............................................................................ 5

*Frow v. De La Vega*, 82 U.S. 552 (1872) ..................................................................................... 5

*Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983) .................................................................. 8

*Haynes v. Navy Fed. Credit Union*, 282 F.R.D. 17 (D.D.C. 2012) .............................................. 5

*Steele v. United States*, No. 1:14-cv-1523-RCL, 2023 WL 6215790
   (D.D.C. Sept. 25, 2023) ........................................................................................................... 4

*United States v. All Assets Held in Acct. No. XXXXXXXX, in Name of
   Doraville Props. Corp., at Deutsche Bank Int'l in Jersey, Channel Islands*,
   330 F. Supp. 3d 150 (D.D.C. 2018 ......................................................................................... 6

*Whelan v. Abell*, 953 F.2d 663 (D.C. Cir. 1992) ...................................................................... 6,7

*Zapata v. B. Coleman Flooring Installation, LLC*, No. 18-1134 (TJK),
   2019 WL 13399854 (D.D.C. Dec. 5, 2019) ............................................................................ 6

**Rules**

Local Rule 7(m) ........................................................................................................................ 4,9

Local Rule 15.1 ............................................................................................................................ 9

Defendants Ahmet Cengizhan Dereci, Alpkenan Dereci, Mahmut Sami Ellialti, Sinan Narin, and Eyup Yildirim (together, the "Individual Defendants") respectfully submit this joint reply ("Reply") in further support of their motion requesting that this Court defer entry of default judgment as to the Republic of Turkiye's liability (the "Motion") until each of the Individual Defendants' liability is decided on the merits.

## PRELIMINARY STATEMENT

In their opposition to the Motion (the "Opposition"), Plaintiffs make four principal arguments. All of these arguments should be rejected.

First, Plaintiffs argue that the Motion is actually an "untimely" opposition to Plaintiffs' Default Judgment Motion. They offer two primary bases for this argument. One is that the cases that the Individual Defendants cite incorporate motions to defer within oppositions to motions for default judgment. Notably, Plaintiffs point to *no law* that requires the Individual Defendants to proceed in that manner and there is no case or rule that recommends or mandates this process. The second basis is that the Individual Defendants opposed Plaintiffs' defective request to amend the First Amended Complaint. Plaintiffs must know that a request to amend the complaint is not the equivalent of a motion for default judgment.

The motive for the relief requested in the Motion is exactly what it is, a request to delay entry of the default judgment (and only as to the claims that include the Individual Defendants). This antithetical interpretation notwithstanding, the motion is clear and should be granted.

Second, Plaintiffs argue that the Individual Defendants failed to meet and confer on a "non-dispositive motion" and the Motion should be denied on that basis. This argument belies Plaintiffs' contention that the Motion is an "untimely opposition" to what is a dispositive motion (which it is not). It also ignores that the Default Judgment Motion is *dispositive* and the Motion which seeks

to defer that dispositive relief therefore falls outside the local rule requiring a meet and confer. Notwithstanding that fact, the Individual Defendants did meet and confer with Plaintiffs and ultimately, despite a promising discussion, could not reach agreement. There is no reason to believe—particularly based on the pointed language in the Opposition—that a meet and confer prior to filing would have yielded a different result. Plaintiffs want a default and they will not permit anything to impede that goal.

Third, Plaintiffs incorrectly argue that the Individual Defendants fall outside the narrow confines of the *Frow* test and the narrow application of *Frow* in this Circuit. Plaintiffs chose to rely heavily on group pleading and to allege that the Individual Defendants were alleged "joint venturers" who purported jointly caused Plaintiffs' alleged injuries. Under even the narrowest application of *Frow*, the Individual Defendants' Motion should be granted.

Fourth, and finally, Plaintiffs state that their proposed amendment is not directed to the Individual Defendants and will have no effect on them. Plaintiffs inexplicably argue that a meet and confer would resolve this issue; it would not. No meeting between counsel would have satisfied either party on this issue and Plaintiffs should not be permitted to amend.

## ARGUMENT

### A. The Motion Is Not an Opposition to the Default Judgment Motion.

Plaintiffs' argument that the motion is actually an "untimely opposition" to the Default Judgment Motion is meritless. The Individual Defendants expressly do not oppose entry of default judgment *now* on claims unrelated to the Individual Defendants, e.g., Counts III and VI. *See* ECF No. 249 at 1 n.1. The Individual Defendants request has nothing to do with opposing the Default Judgment Motion—it is expressly a request *only* to defer entry of the judgment as to certain counts. *See id.* at 21. Had the Individual Defendants sought to oppose the Default Judgment Motion, they

were aware of the deadline for doing so and would have met it. The Motion is, not an untimely opposition.

Plaintiffs argue that the Motion must be an opposition because cases the Individual Defendants cited reflected instances where movants incorporated requests to defer entry of default judgment within oppositions to motions for default judgment. Whatever the procedure followed in those cases, Plaintiffs point to no law or procedural rule foreclosing the Individual Defendants from filing a standalone motion to defer default judgment. *See generally* ECF No. 257 at 7-8. Plaintiffs also contend that the Motion is an opposition because the Individual Defendants opposed Plaintiffs' substantively and procedurally defective request for leave to amend.[1] *Id.* at 7.

Finally, Plaintiffs argue that the Individual Defendants had "at least seven months" to challenge Plaintiffs' request for a default judgment as to Turkiye. This argument presupposes that the Individual Defendants are "opposing" the default judgment, rather than seeking to delay an entry of such a judgment—which is all they are seeking to do. Plaintiffs do not explain how a motion to defer would have been ripe at the initial stages of the process, and indeed it is unclear that it would have been.

### B. Any Requirement to Meet and Confer Has Been Satisfied.

Plaintiffs argue that Rule 7(m) obligated the Individual Defendants to meet and confer prior to filing their Motion. This argument is irreconcilable with Plaintiffs' meritless argument that the Motion is an untimely opposition (which it is not). It also overlooks that the Motion is intended to defer a judgment on the Default Judgment Motion, which is a *dispositive* motion because "if granted, [it] would result either in the determination of a particular claim on the merits or

---

[1] Plaintiffs characterize their request for leave to amend the First Amended Complaint as a "motion," but it is not. As explained in detail in the Motion, Plaintiffs ignored numerous local rules, including by failing to file a motion. ECF No. 249 at 17.

3

elimination of such a claim from the case." ECF No. 257 at 11 n.4 (citing *Steele v. United States*, No. 1:14-cv-1523-RCL, 2023 WL 6215790, at *3 (D.D.C. Sept. 25, 2023)). The fact that the Individual Defendants themselves did not seek dispositive relief, but were instead seeking to delay entry of that dispositive relief counsels against the application of Rule 7(m).

Plaintiffs argue that the Individual Defendants would have understood Plaintiffs were seeking to amend the First Amended Complaint only as to Turkiye if the Individual Defendants met and conferred prior to filing the Motion. What is good for the goose is good for the gander. Plaintiffs—who filed their request first—also did not meet and confer as to their request for leave to amend, which is patently *not* dispositive. ECF No. 257 at 11 (citing *Haynes v. Navy Fed. Credit Union*, 282 F.R.D. 17, 19 (D.D.C. 2012)).

In any event, a party may cure its failure to meet and confer. *Cf. Egypt Dep't of Def. v. Alboghdady*, No. 21-1144 (BAH), 2021 WL 3737682, at *5 (D.D.C. Aug. 24, 2021).[2] The parties met and conferred on the first business day after the Opposition was filed. While the meet and confer was cordial and promising, it ultimately did not resolve the issues—which is almost certainly what would have resulted had the parties met and conferred prior to the Individual Defendants filing the Motion.

### C. The Law Favors Granting the Individual Defendants' Motion.

In the Opposition, Plaintiffs mischaracterize the relief the Individual Defendants seek. Contrary to Plaintiffs' argument, the Individual Defendants do *not* argue that *Frow v. De La Vega*,

---

[2] In *Egypt*, the Court struck the pleading because the party did not refile the motion promptly after meeting and conferring. The Individual Defendants are willing to do so, but have not to avoid further burdening the Court's docket with a needless repetition of a filing. To the extent the Court is inclined to strike the Motion for failure to meet and confer, the Individual Defendants respectfully request that it do so without prejudice to allow the Individual Defendants to refile the Motion at a subsequent date now that the parties have met and conferred.

82 U.S. 552 (1872) "prevents the Court from granting default judgment against Turkey while claims remain pending against the Individual Defendants." ECF No. 257 at 12-13. It is axiomatic that the Motion requests the Court to defer entering default judgment because of the risk that there could be inconsistent judgments. *See* ECF No. 249 at 11-12.

Plaintiffs also appear to argue that the Individual Defendants fall outside this Circuit's narrow approach to *Frow*. ECF No. 257 at 13.[3] In advancing this argument, Plaintiffs ignore a crucial point. *Frow*, which binds all circuits, is itself is a narrowly applied doctrine that the Individual Defendants fit within because, as Plaintiffs have pled, the Individual Defendants are subject to the specter of joint liability. ECF No. 249 at 11-12. In short, the Individual Defendants are subject to joint liability that could yield inconsistent judgments, and thus within the ambit of the narrow approach followed in this Circuit (and *Frow*). *See Carter v. District of Columbia*, 795 F.2d 116, 137 (D.C. Cir. 1986); *Whelan v. Abell*, 953 F.2d 663, 674-75 (D.C. Cir. 1992); ECF No. 249 at 5-8, 11-12 (identifying numerous allegations that the Individual Defendants engaged in joint conduct and are jointly liable for Plaintiffs' purported injuries).

Plaintiffs incorrectly cite *Carter* and *All Assets Held in Acct. No XXXXXXXX* to argue that the "standard" in this Circuit for *Frow* to apply is that there must be an "irreconcilable conflict." ECF No. 257 at 13 (citing *United States v. All Assets Held in Acct. No. XXXXXXXX, in Name of Doraville Props. Corp., at Deutsche Bank Int'l in Jersey, Channel Islands*, 330 F. Supp. 3d 150, 158 (D.D.C. 2018)). In both *Carter* and *All Assets*, the courts were describing what *Frow* held

---

[3] Plaintiffs state that the Individual Defendants "do not acknowledge *Carter* or *Whelan* – both binding precedent – or any of the other cases within the D.C. Circuit applying its 'narrow' approach to the *Frow* doctrine." ECF No. 257 at 14. That is incorrect. Plaintiffs indeed cited cases within this Circuit that applied the narrow approach. *See, e.g.*, *Zapata v. B. Coleman Flooring Installation, LLC*, No. 18-1134 (TJK), 2019 WL 13399854 (D.D.C. Dec. 5, 2019). Second, Plaintiffs ignore that *Frow* itself is binding precedent on this Circuit and is itself narrowly applied in much the same manner as *Carter* and *Whelan*. Regardless, the Individual Defendants fall well within the narrow approach of this Circuit and *Frow* for all of the reasons set forth in the Motion.

5

when they referenced the phrase "irreconcilable conflict." *Carter*, 795 F.2d at 137 (discussing *Frow*'s inapplicability to the facts *sub judice* and describing the facts before it, including that "the lower court's successive dispositions thus stood in irreconcilable conflict"); *All Assets*, 330 F. Supp. 3d at 158 (stating that "Frow does not protect against the mere possibility of logical inconsistencies; it forbids only 'irreconcilable conflict[s]' between judgments that preclude effective relief") (citing *Carter*, 795 F. Supp. at 137)). The only difference between "inconsistent judgment" and "irreconcilable conflict" is one of semantics, as the portion of *Whelan* that Plaintiffs cite makes clear. *See Whelan*, 953 F.2d at 674-75 (citing *Carter* and explaining that, like *Frow*, this Circuit defers or sets aside "a default order that is inconsistent with a judgment on the merits . . . only when liability is truly joint'"). And indeed, the point the Individual Defendants made in their Motion is that entering default judgment now could lead, not to a logically inconsistent result, but to "two diametrically opposed outcomes on the same allegations." ECF No. 249 at 13.[4] Plaintiffs argue that there would be no risk of such an outcome, yet never explain that rationale when they have relied heavily on group pleading and contend throughout the First Amended Complaint that the Individual Defendants have jointly caused Plaintiffs' purported harms.[5]

### D. **Plaintiffs' Request for Leave to Amend Should Be Denied.**

In their Opposition, Plaintiffs state that they "did not intend their alternative request to

---

[4] Plaintiffs contend that they will suffer prejudice and postulate that it may take years before the "trial-related process" in this case is complete, ECF No. 257 at 19-20. The Individual Defendants have already addressed these arguments in the Motion, *see* ECF No. 249 at 15, and respond only to note that Plaintiffs' claims of prejudice rest on a flimsy foundation of speculation that trial in this case cannot be completed before 2025 (or, perhaps beyond). There is no concrete basis to believe this case, which is proceeding on schedule, cannot proceed swiftly to and through trial.

[5] The Individual Defendants dispute their liability and all allegations of aiding and abetting or joint liability. The arguments advanced in the Motion and herein are not and should not be interpreted to be concessions that the Individual Defendants agree with, admit, or accept any of Plaintiffs' allegations.

amend to have any effect on the Individual Defendants" and they are not seeking to amend the First Amended Complaint as to the Individual Defendants.[6] ECF No. 257 at 21 & n.8. The former representation is illogical. Plaintiffs have alleged that the Individual Defendants aided and abetted Turkish agents' activities—meaning that, if Plaintiffs' motion for leave to amend is granted, Plaintiffs can then allege that the Individual Defendants aided and abetted the Turkish agents' purported gender and sex-biased activity. *See, e.g.*, *Halberstam v. Welch*, 705 F.2d 472, 481 (D.C. Cir. 1983) (recognizing that aiding and abetting liability allows an "aider-abettor" to be liable for "injuries caused by the principal tortfeasor").[7] Such an outcome can hardly be said not to have "any effect" on the Individual Defendants.[8]

Additionally, Plaintiffs now state that they only wish to amend the First Amended Complaint as to Turkiye, although the paragraphs they propose to add into the First Amended Complaint would be added into a Count that is pled as to the Individual Defendants and Turkiye. ECF No. 257 at 21; ECF No. 249 at 18. Had they attached a proposed Amended Complaint, as required by Local Rule 15.1 (ECF No. 249 at 17), the Individual Defendants could have assessed the impact of the proposed amendment and made sense of what otherwise appears to be impossible.

Plaintiffs state that the Individual Defendants "would have learned" Plaintiffs did not

---

[6] Plaintiffs argue that their "primary argument – that the complaint already encompasses their sex-bias theory"—applies to the Individual Defendants. That is incorrect for the reasons the Individual Defendants identified in the Motion. ECF No. 249 at 19-20.

[7] To be clear, the Individual Defendants do not concede, and fully dispute, that they are liable for aiding and abetting or on any other ground. They merely note that, should Plaintiffs be permitted to amend to add a gender and sex-based theory, it is not possible for this theory not to have an effect on the Individual Defendants because Plaintiffs are pursuing an aiding and abetting theory of liability.

[8] The parties met and conferred on the first business day, December 18, 2023, after Plaintiffs filed their Opposition. During that meet and confer, Plaintiffs represented to the Individual Defendants that Plaintiffs' proposed amendments pertained only to Turkiye. The meet and confer was promising, but ultimately unfruitful because of the potential impact described herein.

7

intend to amend the First Amended Complaint as to the Individual Defendants "if they had met and conferred with Plaintiffs before filing" the Motion." *Id.* at 21. Of course, this overlooks that *Plaintiffs* also failed to comply with Local Rule 7(m) (and numerous other local rules) by conferring with the Individual Defendants as to their request to amend the First Amended Complaint, and that no such "learning" occurred at the subsequent meet and confer.

The Individual Defendants respectfully submit that Plaintiffs' request for leave should be denied.

## CONCLUSION

WHEREFORE for the reasons set forth in the Motion and herein, the Individual Defendants respectfully request that (1) the Court defer entry of default judgment against Turkiye until the Individual Defendants' liability has been fully litigated on the merits, and (2) deny Plaintiffs' request to amend the Amended Complaint.

Dated: Washington, D.C.
       December 22, 2023

**VENABLE LLP**

*/s/ Mark E. Schamel*
Mark E. Schamel
Maxwell H. Weiss
600 Massachusetts Ave, NW
Washington, DC 20001
Tel: (202) 344-4631
Fax: (202)344-8300
Email: MESchamel@Venable.com
Email: MHWeiss@Venable.com

*/s/ Xochitl S. Strohbehn*
Xochitl S. Strohbehn (admitted *pro hac vice*)
Anna G. Dimon (admitted *pro hac vice*)
Email: XSStrohbehn@Venable.com
Email: AGDimon@Venable.com
151 West 42nd Street, 49th Floor

New York, NY 10036
Tel: (212) 307-5500
Fax: (212) 307-5598

*Counsel for Defendants Ahmet Cengizhan Dereci, Alpkenan Dereci, and Eyup Yildirim*

*/s/ David Benowitz*
David Benowitz
**Price Benowitz LLP**
Email: david@pricebenowitz.com
409 Seventh Street NW, Suite 200
Washington, DC 20004
Tel: (202) 417-6000
Fax: (202) 664-1331

*Counsel for Defendants Mahmut Sami Ellialti and Sinan Narin*

## CERTIFICATE OF SERVICE

      I hereby certify that on December 22, 2023, I caused a copy of the foregoing to be served on all counsel of record via the Court's CM/ECF system.

*/s/ Xochitl S. Strohbehn*
Xochitl S. Strohbehn
