# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KASIM KURD, *et al.*,
    Plaintiffs

v.

REPUBLIC OF TURKEY, *et al.*,
    Defendants.

Civil Action No. 18-1117 (CKK)

**ORDER**
(October 10, 2024)

Plaintiffs noticed the depositions of the five active Defendants in this matter.[1] Counsel for three Defendants—Alpkenan Dereci, Ahmet Cengizhan Dereci, and Eyup Yildirim (together, the "Dereci Defendants")—represented that their clients would require Turkish translation during their depositions. Pls.' Mot., ECF No. 296 at 2. Counsel for the other two Defendants—Sinan Narin and Mahmut Sami Ellialti (together, the "Narin Defendants")—were uncertain whether their clients would also require translation. *Id.*

This Court's Scheduling and Procedures Order provides that "no deposition may last more than seven hours (exclusive of breaks), except by leave of the Court or stipulation of the parties." ECF No. 190 at 3 (citing Fed. R. Civ. P. 30(d)(1)). Plaintiffs fear they cannot fairly examine those Defendants requiring translators in the usual seven-hour period. Pls.' Mot. at 5. Consistent with their obligation under Local Civil Rule 7(m), Plaintiffs conferred with Defendants to request a seven-hour extension (for a total of fourteen hours) of the deposition of any Defendant requiring Turkish translation. Pls.' Mot. at 4. But Defendants refused to "agree to any extension of time upfront." Dereci Defs.' Opp'n, ECF No. 302 Ex. 1 at 2.

---

[1] Defendant Republic of Turkey is in default. ECF No. 173. For purposes of this Order, all references to the parties or Defendants exclude the Republic of Turkey.

Now this discovery dispute requires the Court's attention. Plaintiffs "seek an order from the Court extending the length of all depositions requiring translation to 14 hours." Pls.' Mot. at 4. The Dereci Defendants oppose Plaintiffs' request and argue that Plaintiffs should take seven-hour depositions in the normal course, then—if more time is needed because of translation-related delays—confer with Defendants further and return to this Court again to move for more time. Dereci Defs.' Opp'n at 8–9. The Narin Defendants join that opposition. *See* ECF Nos. 303, 304.

### A. The Narin Defendants

The Narin Defendants now represent that they "do not need translators" for their depositions. ECF No. 303 at 2; ECF No. 304 at 2. Accordingly, to the extent Plaintiffs request an extension of the Narin Defendants' depositions, the Court **DENIES** that request. The depositions of Defendants Narin and Ellialti can proceed in the normal course under this Court's Scheduling and Procedures Order.

### B. The Dereci Defendants

Unlike the Narin Defendants, the Dereci Defendants represent that they "need an interpreter" to sit for their depositions. Dereci Defs.' Opp'n at 4. Relying on the premise that translation will require every question to be asked and answered twice (once in English and once in the deponent's language of choice), Plaintiffs request that the Court double each of the Dereci Defendants' depositions to fourteen hours. Pls.' Mot. at 4. The Dereci Defendants argue this request is premature and that Plaintiffs should first take their depositions in the normal course. *See* Dereci Defs.' Opp'n at 9, 12.

Federal Rule of Civil Procedure 30(d)(1) provides that, unless otherwise stipulated or ordered, a deposition is limited to one day of seven hours. But Rule 30(d)(1) also requires the Court to "allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine

2

the deponent." Rule 26(b)(1) articulates broad principles on the proper scope of discovery generally. And Rule 26(b)(2) empowers the Court to "alter the limits . . . on the length of depositions" and describes situations where discovery should be restricted. In sum, this Court has considerable discretion to determine the appropriate length of the Dereci Defendants' depositions. *See Brune v. IRS*, 861 F.2d 1284, 1288 (D.C. Cir. 1988).

Exercising that discretion, the Court **GRANTS** Plaintiffs' request for an extension. Plaintiffs may deviate from the Court's Scheduling and Procedures Order by taking the depositions of the Dereci Defendants (Alpkenan Dereci, Ahmet Cengizhan Dereci, and Eyup Yildirim) for fourteen hours over two seven-hour days.

Two considerations principally guide that determination. First, the Advisory Committee's Note to Rule 30 observes that a deponent's need for an interpreter "may prolong the examination" and require "extending the time for a deposition." Fed. R. Civ. P. 30(d) Advisory Committee's Note to 2000 Amendment. Second, Federal Rule of Civil Procedure 1 dictates that Rule 30—like all the Federal Rules—"should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

Consistent with the Advisory Committee's Note to Rule 30, trial courts "often allow additional time for a deposition where an interpreter is used." *In re Actos Antitrust Litig.*, 639 F. Supp. 3d 453, 458 (S.D.N.Y. 2022) (collecting cases). To be sure, "the amount of extra time permitted for foreign language depositions varies" court-to-court and case-to-case. *Id.* But in this Court's experience, the use of an interpreter roughly doubles the length of time required to examine a witness. Applying that rule of thumb, the Court concludes that doubling the length of the Dereci Defendants' depositions is "needed to fairly examine" the deponents. Fed. R. Civ. P. 30(d)(1).

3

Defendants protest that this extension is premature and that a two-day deposition would be burdensome on the deponents and expensive for all involved. *See* Dereci Defs.' Opp'n at 10–11; Narin Defs.' Opp'n, ECF No. 303 at 2 n.2 (noting that even though the Narin Defendants do not require interpreters, their counsel would have to attend the extended depositions). Undoubtedly, neither this Court nor Plaintiffs can predict with precision how long the Dereci Defendants' interpreter-assisted depositions will actually last. But Defendants' preferred course—taking three seven-hour depositions (two of which will occur abroad), assessing how much additional time Plaintiffs require for each, haggling at the bargaining table, returning to this Court for piecemeal orders, then resuming the depositions at a later date—does not strike the Court as any less burdensome than complying with a consolidated extension. Nor is such a course the "just, speedy, and inexpensive" resolution that Rule 1 requires.

The proceedings on the instant motion are illustrative. Despite their best efforts, counsel for Plaintiffs and Defendants "could not find" a single case from any court in this District or from the Court of Appeals addressing the issue at hand.[2] Dereci Defs.' Opp'n at 6 n.3. "Accordingly, the parties rely on cases from other jurisdictions." *Id.* And through fifty-five pages of briefing, they engage in an extended and vituperative back-and-forth dissecting and distinguishing scheduling orders from trial courts across the country. Some of that case law was instructive, but it was not dispositive. And the Court is mindful that the time and expense necessary to produce these briefs was not insignificant. The Court will not pursue a course that invites three further rounds of argument on the length of depositions.

---

[2] The Court pauses to wonder whether the parties have considered why that might be the case. "[T]he reality is that there is not a large, well-developed body of case law on the deposition limits imposed by Rule 30, perhaps because the parties usually resolve any disputes without court intervention." *Procaps S.A. v. Pantheon Inc.*, No. 12-cv-24356, 2015 WL 2090401, at *4 (S.D. Fla. May 5, 2015).

Finally, the Court has considered the parties' discussions of the Rule 26(b) factors. *See* Pls.' Mot. at 9–11; Dereci Defs.' Opp'n at 9–12; Pls.' Reply at 11–14. Exercising the broad discretion accorded by Rules 26 and 30, the Court concludes that, on balance, the Rule 26(b)(1) factors favor an extension of the Dereci Defendants' depositions and that the Rule 26(b)(2)(C) factors do not counsel against that extension.

Accordingly, it is, this 10th day of October, 2024, hereby

**ORDERED** that Plaintiffs' motion for leave to extend the duration of depositions of Defendants Sinan Narin and Mahmut Sami Ellialti is **DENIED**; and it is further

**ORDERED** that Plaintiffs' motion for leave to extend the duration of depositions of Defendants Alpkenan Dereci, Ahmet Cengizhan Dereci, and Eyup Yildirim is **GRANTED**. Notwithstanding this Court's Scheduling and Procedures Order, Plaintiffs may depose these Defendants for fourteen hours over the course of two days.

**SO ORDERED.**

_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge