UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

KASIM KURD et. al.           )
                             )
plaintiffs                   )
                             )
v.                           )   Civil Action No. 1:18-cv-1117-CKK
                             )
REPUBLIC OF TURKEY et. al.   )
                             )
defendants.                  )

## **MOTION TO QUASH**

COMES NOW, Mutlu Civiroglu, through his attorney, and files this Motion to Quash the subpoenas filed herein by defendant Eyup Yildirim in the above stated action and in support there of states as follows:

FACTUAL BACKGROUND

1) Mutlu Civiroglu is a resident of the Commonwealth of Virginia and is not a party to this matter. He was served with both witness and document subpoenas by defendant Eyup Yildirim on or about August 25, 2024.

2) Mr. Civiroglu works as a professional journalist and has been employed by the Voice of America Kurdish News Services since 2006.

3) Mr. Civiroglu uses social media platforms on the Internet to gather information on the news stories. His work includes joining, forming, and participating in Chat Groups through social media channels to gather information for the news articles he writes.

3) Mr. Civiroglu wrote news articles about the Turkish security forces attacking peaceful demonstrators at Sheridan Circle in Washington DC on May 16, 2017. That attack on the demonstrators is the subject matter of this suit. The published articles and social media posts Mr.

1

Civiroglu wrote about the events on May 16, 2017 are publicly available.

4() Defendant Yildirim requested witness and subpoenas to be served on Mr. Civiroglu because Mr. Civiroglu had communications with some of the plaintiffs after the events on May 16, 2017. The Document Subpoena includes two requests:

REQUEST No. 1 All Documents and Communications between You and any Plaintiffs Relating To any allegations in the Complaint or the Events of May 16, 2017

REQUEST No. 2 All Documents and Communications between You and anyone Relating To any allegations in the Complaint or the Events of May 16, 2017.

LEGAL ARGUMENT

Mr. Civiroglu objects to these subpoenas on the grounds that these two subpoena requests require disclosure of privileged or other protected matter and no exception or waiver applies. Defendant Yildirim discovery efforts are precluded by Mr. Civiroglu's First Amendment rights under the U.S. Constitution and under D.C. Code Ann. §16-4702. The subpoena requests are over broad in their scope of information seeking information from anyone that possibly could relate to any of the 271 allegations in the complaint and are unduly burdensome to attempt to comply with and conduct a search.

Defendant Yildirim's counsel relies on case law that holds that a journalist does not have an absolute privilege under the First Amendment to refuse to disclose confidential information. Lee v United States DOJ, 287 F. Supp. 2d 15 (D.D.C. 2003) (court held a journalist could be compelled to testify where there was an underlying investigation into the transfer of nuclear trade secrets to China). In re Special Counsel Investigation, 332 F. Supp. 2d 26 (D.D.C. 2004) the court held that there was no First Amendment privilege exempting members of the press from appearing before

2

grand juries upon issuance of a valid subpoena. However, in Branzburg v. Hayes, 408 U.S. 665, 707, 92 S. Ct 2646 (1972), although that case also involved a criminal investigation, the court held that First Amendment protection must be accorded to the press and its news gathering activities if it does not relate to a criminal investigation or matter.

Defendant Yildirim also contends that his discovery efforts are exempt D.C. Code Ann. §16-4702, based on Jankovic v. Int'l Crisis Grp, 181 F. Supp. 3d 13, (D.D.C 2014). In Jankovic, the court denied plaintiff's motion because the plaintiff improperly used the wrong pleading and filed a motion for a declaratory judgment rather than an action for declaratory judgment, and the underlying matter involved questions of federal law.

Defendant Eyup Yildirim has not provided any compelling reasons to satisfy all three of the required elements under DC Code Ann §16-4703 that permit a court to compel disclosure under D.C. Code Ann §16-4702. Specifically, the information requested is not relevant to the significant legal issue in this case; (2) The news or information can easily be obtained from the plaintiffs; and (3) There is no overriding public interest in the disclosure of Mr. Civiroglu's communications with some of the plaintiffs.

In this case, the questions of federal jurisdiction and sovereign immunity were resolved and final decisions on those issues were entered by this court. The remaining underlying claims in this matter are based on tort, assault and battery civil case and statutory law in the District of Columbia. The determination of damages suffered by the plaintiffs as a result of the assault and battery is the main issue that remain to be decided by a jury in this case.

In Grunseth v. Marriott Corp, 868 F. Supp. 333 (D.D.C. 1994) the court granted the motion to quash filed by a newspaper and its employees. The court found that the discovery efforts were

3

seeking to uncover a journalist's source or sources of information and the substance of those communications. D.C. Code Ann §16-4702 provides an absolute prohibition against compelling testimony regarding (1) the source of any news or information procured by the person while employed by the news media and acting in an official news gathering capacity, whether or not the source has been promised confidentiality; or (2) any news or information procured by the person while employed by the news media in the course of pursuing professional activities that is not itself communicated in the news media. In Prentice v. McPhilemy, No. 98CA0004309 (DC Superior court May 5, 1999), the court upheld that the District of Columbia's Free Flow of Information Act D.C. Code Ann §16-4701 et. seq. applies to the production of documents and responses to Interrogatories previously withheld by a responding party.

Mr. Civoroglu had conversations with plaintiffs as part of his regular course of investigative reporting work as a journalist. Participation in Chat Groups through the Internet is a routine business practice by journalists to gather information on subject matters that journalists need to investigate, analyze and write to inform the public. Any notes, memoranda, Chat Group messages, email communications, recorded video conferencing that were used by Mr. Civiroglu to write news articles are privileged information protected under the First Amendment to the U.S. Constitution and prohibited from disclosure under D.C. Code Ann §16-4702.

Wherefore, for the reasons stated herein, Mr. Civiroglu requests his motion to quash the Witness and Document Subpoenas be granted.

POINTS AND AUTHORITIES

D.C. Code Ann. §16-4702
D.C. Code Ann. §16-4703
D.C. Code Ann. §16-4704
Grunseth v. Marriott Corp, 868 F. Supp. 333 (D.D.C. 1994)

Jankovic v. Int'l Crisis Grp, 181 F. Supp. 3d 13, (D.D.C 2014)
Branzburg v. Hayes, 408 U.S. 665, 707, 92 S. Ct 2646 (1972).
Lee v United States DOJ, 287 F. Supp. 2d 15 (D.D.C. 2003)
Prentice v. McPhilemy, Case No. 98CA0004309 (D.C. Super. May 5, 1999)
In re Special Counsel Investigation, 332 F. Supp. 2d 26 (D.D.C. 2004)

Respectfully submitted,

MUTLU CIVIROGLU
By Counsel

_____
JACOB D. BOURNAZIAN Bar No. 403552
Counsel for MUTLU CIVIROGLU
1425 4th Street SW #A808
Washington, DC  20024
(202) 554 – 4978

CERTIFICATION

Counsel has in good faith conferred with counsel for defendant Eyup Yildirim by email communications, letters on October 11 and 12 and video conference call on October 14, 2024 in an effort to resolve the dispute without court action.

_____
JACOB D. BOURNAZIAN Bar No. 403552

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th day of October, 2024, a copy of the foregoing Motion to Quash and proposed order was sent electronically sent to Xochitl S. Strohbehn, Esq. XSStrohbehn@venable.com, counsel for Eyup Yildirim, and other counsel of record: Rammy@pricebenowitz.com; david@pricebenowitz.com; Jesse Stein jstein@sgrwlaw.com; Elizabeth McInturff emcinturff@sgrwlaw.com; Agnieszka M. Fryszman afryszman@cohenmilstein.com; Nicholas Jacque njacques@cohenmilstein.com.

Jacob D. Bournazian, Esq.

5