UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KASIM KURD et. al. ) | |
| ) | |
| plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-1117-CKK |
| ) | |
| REPUBLIC OF TURKEY et. al. ) | |
| ) | |
| defendants. ) | |

## **REPLY MEMORANDUM – MUTLU CIVIROGLU**

COMES NOW, Mutlu Civiroglu, through his attorney, and files his Reply Memorandum to the Opposition to Motion to Quash filed by counsel for defendant Eyup Yildririm.

Mutlu Civiroglu was not represented by counsel prior to the filing of the Motion to Quash and none of the plaintiff counsels have represented Mutlu Civiroglu in this case prior to filing his Motion to Quash.

In the opposition to the motion to quash, counsel states on page 2 "Yildirim is not looking for any information from Civiroglu while he was acting in the scope of his employment while he was gathering information." However, the memorandum does not provide any facts to show the overriding public interest in the disclosure of Mr. Civiroglu's communications on social media platforms through deposition or subpoena. Defendant Yildirim does not satisfy the three required elements under DC Code Ann §16-4703 that permit a court to compel disclosure under D.C. Code Ann §16-4702.

The type of information defendant seeks through his subpoenas can easily be obtained directly from the plaintiffs. On page 6 of counsel's opposition memorandum states "the information is relevant to a significant legal issue, such as how Plaintiffs came to sue the Defendants, how

1

plaintiffs presented their case and their recollection of the events on May 16, 2017, and how badly injured the Plaintiffs were." Defendant Yildirim can obtain all the information on plaintiff's recollection of events, their injuries and how plaintiffs present their case from the plaintiffs. Defendant Yildirim already knows how and why the plaintiffs came to sue him for their injuries by reading the pleadings in this case.

D.C. Code Ann §16-4702 prohibits compelling disclosures from any person who is or has been employed by the news media in a news gathering or news disseminating capacity unless as provided in §16-4703. The District of Columbia's Free Flow of Information Act D.C. Code Ann §16-4701 et. seq. protects the compelled disclosure of privileged information through a document subpoena. In Grunseth v. Marriott Corp, 868 F. Supp. 333 (D.D.C. 1994) the court held that D.C. Code Ann §16-4702 provides an absolute prohibition against compelling testimony regarding (1) the source of any news or information procured by the person while employed by the news media and acting in an official news gathering capacity, whether or not the source has been promised confidentiality; or (2) any news or information procured by the person while employed by the news media in the course of pursuing professional activities that is not itself communicated in the news media.

Mr. Civiroglu's communications on social media related the events in this case are privileged and protected under the U.S. Constitution and D.C. Code Ann. §16-4702. When interpreting a statute that protects privileged information, the court will consider "its legislative purpose, the ends to be accomplished, or the evils to be remedied by the statutory provision under "scrutiny" because the goal is to advance its purpose, not to frustrate it."

Kathleen Anderson, et al. v. Evan Hammerman, et al., (MD Court of Appeals) No. 1254, Sept. Term,

2

2023. Opinion by Chief Judge Wells. (November 6, 2024).

Wherefore, based on the statutory and case authorities cited and arguments contained in counsel's Motion to Quash and Reply Memorandum, Mr. Civiroglu requests his motion to quash the Witness and Document Subpoenas be granted.

Respectfully submitted,

MUTLU CIVIROGLU
By Counsel

*/s/ Jacob D. Bournazian*
JACOB D. BOURNAZIAN Bar No. 403552
Counsel for MUTLU CIVIROGLU
1425 4th Street SW #A808
Washington, DC  20024
(202) 554 – 4978

CERTIFICATE OF SERVICE

On November 8, 2024, I caused a copy of the Reply Memorandum to the Opposition to Mutlu Civiroglu's Motion to Quash to be served on all counsel of record via the Court's electronic system.

*/s/ Jacob D. Bournazian*
Jacob D. Bournazian, Esq.