## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KASIM KURD, *et al.*,<br>        Plaintiffs<br><br>        v.<br><br>REPUBLIC OF TURKEY, *et al.*,<br>        Defendants. | Civil Action No. 18-1117 (CKK) |

### ORDER
(November 12, 2024)

Defendant Eyup Yildirim served third party Mutlu Civiroglu with witness and document subpoenas. Civiroglu moved to quash those subpoenas, arguing that he is privileged against such discovery under the First Amendment and under D.C. Code § 16-4702, which protects members of the news media from compelled disclosure. Mot. to Quash, ECF No. 308. Yildirim opposed that motion, arguing that Civiroglu has not satisfied the requirements of D.C. Code § 16-4702 and that, in any event, the exception to that statutory reporter's privilege in D.C. Code § 16-4703 applies. Def.'s Opp'n, ECF No. 313. In reply, Civiroglu argues again that he is entitled to the protections of the District of Columbia's reporter's privilege. Reply, ECF No. 314. In sum, both parties have focused their briefing almost exclusively on the reporter's privilege created by District of Columbia law—not any privilege created by federal common law or the First Amendment.

Plaintiffs named the Republic of Turkey as a defendant and invoked this Court's subject-matter jurisdiction under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1605(a), and the Alien Tort Statute, 28 U.S.C § 1350. Am. Compl., ECF No. 63 ¶ 2. With that jurisdictional hook, Plaintiffs further invoked this Court's supplemental jurisdiction over their state-law claims under 28 U.S.C. § 1367. *Id.* Plaintiffs allege Yildirim is an American citizen and "private civilian," and they assert exclusively state-law claims against him. *Id.* ¶¶ 25, 59, 222–271.

1

Federal Rule of Evidence 501 governs privileges in federal courts and "mandates the application of state privileges in civil actions or proceedings for which state law supplies the rules of decision and federal privileges for issues or proceedings arising under federal law." *Linde Thompson Langworthy Kohn & Van Dyke, P.C. v. Resol. Tr. Corp.*, 5 F.3d 1508, 1512 (D.C. Cir. 1993). "It is thus clear that when a plaintiff asserts federal claims, federal privilege law governs, but when he asserts state claims, state privilege law applies. What is unclear is the proper resolution in a case like this, where the plaintiffs assert both federal and state claims, and relevant evidence may be privileged under one but not the other." *In re Sealed Case*, 381 F.3d 1205, 1212 (D.C. Cir. 2004). Thus far, the D.C. Circuit has declined to answer that question. *See BioConvergence LLC v. Attariwala*, No. 20-mc-101, 2023 WL 2086078, at *9 (D.D.C. Feb. 17, 2023) (RC) (collecting cases). But other courts of appeals appear to agree that a court exercising supplemental jurisdiction should apply federal privilege law to the extent that federal and state privilege law are in conflict. *See In re Sealed Case*, 381 F.3d at 1212 n.7 (collecting cases). And other courts in this District have held—at least when "evidence claimed to be privileged is relevant to both federal and state law claims"—that "federal common law is applied to claims of privilege." *First Am. Corp. v. Al-Nahyan*, 2 F. Supp. 2d 58, 61–62 (D.D.C. 1998) (JHG).

Because Civiroglu and Yildirim have focused their briefing exclusively on District of Columbia law, and because this choice-of-law issue appears to be a threshold question, supplemental briefing is required to resolve the Motion to Quash.[1] Civiroglu and Yildirim are directed to focus that briefing on the following questions:

---

[1] Civiroglu appears to gesture vaguely at the choice-of-law issue in his Motion to Quash by asserting that "the questions of federal jurisdiction and sovereign immunity were resolved" in this case and by observing that the bulk of the claims in this matter arise under District of Columbia law. Mot. to Quash at 3. But beyond those few barebones sentences, the parties do not address this issue at all.

2

- Does the District of Columbia's statutory reporter's privilege conflict with any analogous privilege created by federal common law or the First Amendment?

- In light of the Republic of Turkey's default and Yildirim's position relative to Turkey, is the discovery sought under the subpoenas relevant to any federal law claim?

- Should the Court consider Civiroglu's assertion of privilege under District of Columbia law? If not, does any applicable federal privilege suffice to quash the subpoena?

Further briefing on whether Civiroglu satisfies the strictures of D.C. Code §§ 16-4702 and 16-4703 is unnecessary.

Accordingly, the Court **ORDERS** that Civiroglu file a brief addressing the issues described above on or before **NOVEMBER 22, 2024**. Yildirim shall file a response on or before **DECEMBER 3, 2024**. Plaintiffs may also respond by the same date and may address any attendant issues relating to this Court's continuing subject-matter jurisdiction should they choose to do so.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

3