**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Kurd, *et al.*, | ) |
|       Plaintiffs, | ) Civil Action No. 1:18-cv-1117-CKK |
| v. | ) |
| The Republic of Turkey, *et al.*, | ) |
|       Defendants. | ) |

**PLAINTIFFS' RESPONSE TO THE COURT'S ORDER OF NOVEMBER 12, 2024**

## **TABLE OF CONTENTS**

I. BACKGROUND ............................................................................................................. 1

II. STANDARD OF LAW .................................................................................................... 3

III. ARGUMENT .................................................................................................................... 4
    A. Plaintiffs' Claims Against the Individual Defendants and Turkey Form
       Part of the Same Case or Controversy ................................................................. 4
    B. No § 1367(c) Factor Provides Grounds to Withdraw of Supplemental
       Jurisdiction ............................................................................................................ 5
       1. Turkey's default does not deprive the Court of supplemental
          jurisdiction. ............................................................................................... 5
       2. Turkey's default creates no other reason to withdraw supplemental
          jurisdiction. ............................................................................................... 8

IV. CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Brookshire Bros. Holding v. Dayco Prods., Inc.*,
  554 F.3d 595 (5th Cir. 2009) ..........................................................................................10

*Bushrod v. District of Columbia*,
  521 F. Supp. 3d 1 (D.D.C. 2021) ...................................................................................10

*Corp. Fin. Grp., Inc. v. McMahan*,
  2009 WL 2997059 (W.D. Okla. 2009) .............................................................................6

*Doe by Fein v. District Court*,
  93 F.3d 861 (D.C. Cir. 1996) .......................................................................................4, 5

*Grunseth v. Marriott Corp.*,
  868 F. Supp. 333 (D.D.C. 1994) ......................................................................................8

*Hayes v. District of Columbia*,
  923 F. Supp. 2d 44 (D.D.C. 2013) ..............................................................................8, 11

*Hiram Walker & Sons, Inc. v. Kirk Line*,
  877 F.2d 1508 (11th Cir. 1989) ........................................................................................5

*Holland v. O'Bryant*,
  964 F. Supp. 4 (D.D.C. 1997) ..........................................................................................8

*Kurd v. Turkey*,
  374 F. Supp. 3d 37 (D.D.C. 2019) .......................................................................... passim

*Kurd v. Turkey*,
  438 F.Supp.3d 69 (D.D.C. 2020) ............................................................................1, 2, 10

*In re. Larry Doiron, Inc.*,
  2013 WL 6384418 (W.D. La. 2013) .................................................................................5

\* *Lindsay v. Gov't Emps. Ins. Co.*,
  448 F.3d 416 (D.C. Cir. 2006) .....................................................................................3, 9

*Mayor of City of Phila. v. Educ. Equal. League*,
  415 U.S. 605 (1974) .....................................................................................................4, 5

*Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*,
  273 F.3d 722 (7th Cir. 2001) ..........................................................................................10

*Montgomery v. Gove*,
  2021 WL 4859345 (N.D. Ohio 2021) ................................................................................ 5

*Morin v. Empiyah & Co.*,
  389 F. Supp. 2d 506 (S.D.N.Y. 2005) ............................................................................... 6

*Pan-Am. Tel. Co. v. Municipality of San Juan*,
  2012 WL 13027982 (D.P.R. 2012) ................................................................................... 6

* *Schuler v. PricewaterhouseCoopers, LLP*,
  595 F.3d 370 (D.C. Cir. 2010) ..................................................................................... 3, 10

* *Tr. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley
  Landscape & Maint., Inc.*,
  333 F.3d 923 (9th Cir. 2003) ............................................................................................ 6

*Usoyan v. Republic of Turkey*,
  6 F.4th 31 (D.C. Cir. 2021) ............................................................................................... 2

**Statutes**

28 U.S.C. § 1330 .................................................................................................................. 1, 11

28 U.S.C. § 1332 ........................................................................................................................ 3

28 U.S.C. § 1367 .................................................................................................................. 1, 10

28 U.S.C. § 1608 .................................................................................................................... 6, 9

D.C. Code. Ann. § 22-3704 ........................................................................................................ 8

D.C. Code Ann. § 16-4702 ..................................................................................................... 8, 9

**Other Authorities**

13D Richard D. Freer, Fed. Prac. & Proc. (Wright & Miller) § 3567.3 (3d ed.
  2024 update) ..................................................................................................................... 6

Plaintiffs submit this brief in response to the Court's Order of November 12, 2024, regarding Mutlu Civiroglu's motion to quash. Dkt. 316. In its Order, the Court raised the issue of its continuing supplemental jurisdiction following the clerk's entry of default against the Republic of Turkey and permitted Plaintiffs until December 6 to respond. *Id.*; *see also* Minute Order of Nov. 22, 2024 (extending response deadline).

The clerk's entry of default against the Republic of Turkey does not affect the Court's supplemental jurisdiction over Plaintiffs' common-law claims against the remaining Defendants. The Court's exercise of supplemental jurisdiction over this case remains proper.

## I.  BACKGROUND

This case arises out of a brutal attack jointly undertaken by Turkish security agents and civilian supporters of Turkish President Recep Tayyip Erdogan against a group of peaceful protestors outside the Turkish Ambassador's Residence in Washington, D.C. *See generally Kurd v. Turkey*, 374 F. Supp. 3d 37 (D.D.C. 2019) ("*Kurd I*"); *Kurd v. Turkey*, 438 F.Supp.3d 69 (D.D.C. 2020) ("*Kurd II*"). Plaintiffs, who are all victims of the attack, filed this action against the Republic of Turkey ("Turkey"), which is a foreign sovereign, and Defendants Ahmet Cengizhan Dereci, Alpkeanan Dereci, Mahmut Sami Ellialti, Sinan Narin, and Eyup Yildirim ("Individual Defendants"), who are all civilian Erdogan supporters. *See* First Am. Compl., Dkt 63. To establish the Court's jurisdiction over Turkey, Plaintiffs invoked 28 U.S.C. §§ 1330 (original jurisdiction against foreign sovereigns), 1605(a) (exceptions to foreign sovereign immunity), and 1350 (jurisdiction over violations of the law of nations). Dkt. 63 at ¶ 2. To establish the Court's jurisdiction over the Individual Defendants, Plaintiffs invoked 28 U.S.C. § 1367, Dkt. 63 at ¶ 2, which provides the Court with supplemental jurisdiction over all claims that "form part of the same case or controversy" as the claims within the Court's original jurisdiction. § 1367(a).

Each of the Individual Defendants has filed a motion to dismiss for failure to state a claim, though none questioned the Court's supplemental jurisdiction. *See* Dkt. 21; Dkt. 32; Dkt. 210. The Court in March 2019 denied Defendants Alpkenan Dereci's, Narin's, and Yildirim's motions to dismiss without questioning its supplemental jurisdiction over the claims asserted against them. *See Kurd I*, 374 F. Supp. 3d at 63. Defendants Ahmet Dereci's and Ellialti's motion to dismiss remains pending.

Meanwhile, in June 2019, Turkey filed a motion to dismiss asserting that it was immune from the Court's jurisdiction. Dkt. 90. The Court denied that motion on February 6, 2020, ruling that § 1605(a)(5)'s exception to sovereign immunity applied, so the Court had jurisdiction over Plaintiffs' claims against Turkey. *Kurd II*, 438 F. Supp. 3d at 6. Turkey filed an interlocutory appeal challenging the Court's denial of immunity, and the D.C. Circuit affirmed this Court. *See Usoyan v. Republic of Turkey*, 6 F.4th 31, 36 (D.C. Cir. 2021). The D.C. Circuit subsequently denied Turkey's petition for rehearing en banc, and the Supreme Court denied its petition for a writ of certiorari. Turkey thereafter failed to answer Plaintiffs' complaint and informed the Court that it would not continue to participate in this litigation, so the clerk entered default against it on November 22, 2022. Dkt. 167; Dkt. 173. Plaintiffs filed a motion for entry of default judgment on September 29, 2023, which remains pending. Dkt. 241. To date, no judgment has been rendered against Turkey, and Plaintiffs' claims against it remain live.

On October 21, 2024, Mutlu Civiroglu, a DC-based journalist, filed a motion to quash a third-party subpoena served upon him by Defendant Yildirim. Dkt. 308. After Civiroglu and Yildrim completed initial briefing on Civiroglu's motion, the Court ordered them to file supplemental briefing addressing whether federal or D.C. law governed Civiroglu's assertion of reporter's privilege. Dkt. 316. Among other questions, the Court asked: "In light of the Republic

2

of Turkey's default and Yildirim's position relative to Turkey, is the discovery sought under the subpoenas relevant to any federal law claim?" *Id.* at 3. The Court also invited Plaintiffs to "address any attendant issues relating to this Court's continuing subject-matter jurisdiction." *Id.*

## II. STANDARD OF LAW

Section 1367(a) states that, with certain exceptions, when a district court has original jurisdiction over certain claims in a civil case, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Unless an exception applies, exercise of supplemental jurisdiction is mandatory. *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 421 (D.C. Cir. 2006). Section 1367(c) enumerates four scenarios in which a district court may, in its discretion, decline to exercise supplemental jurisdiction: [1]

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Even when one of these scenarios is present, however, once a Court "'has invested time and resources' in a case, '[c]onsiderations of judicial economy, convenience and fairness to litigants ... make it reasonable and proper for a federal court to proceed to final judgment' upon the state-law claims." *Schuler v. PricewaterhouseCoopers, LLP*, 595 F.3d 370, 378-79 (D.C. Cir. 2010) (quoting *Osborn v. Haley*, 549 U.S. 225, 245 (2007)).

---

[1] Section 1367(b) enumerates a separate exception applicable only to cases in which the district court's original jurisdiction arises solely out of 28 U.S.C. § 1332, which is not the case here.

As long as Section 1367(a) applies – that is, the claims fall within the same case or controversy as the claims brought within the Court's original jurisdiction – supplemental jurisdiction is a prudential doctrine. *See Mayor of City of Phila. v. Educ. Equal. League*, 415 U.S. 605, 627 (1974). Thus, the Court has no duty to sua sponte duty to assess the § 1367(c) exceptions and a party can waive an objection to the Court's supplemental jurisdiction by failing to raise it to the district court. *Id.*; *see also Doe by Fein v. District Court*, 93 F.3d 861, 871 (D.C. Cir. 1996).

### III. ARGUMENT

The Court has supplemental jurisdiction over Plaintiffs' claims and no circumstances exist that would warrant withdrawing that jurisdiction under § 1367(c). In particular, Turkey's default does not bear upon the Court's supplemental jurisdiction because (1) Plaintiffs' claims against Turkey are still live and, in any event, (2) entry of default judgment, unlike a dismissal, does not trigger § 1367(c). Plaintiffs' claims against the Individual Defendants do not raise any complex or novel questions of state law and, because they are identical to the claims against Turkey, they do not predominate. Withdrawing supplemental jurisdiction at this late stage and forcing the parties to start over in D.C. Superior Court while this Court continues to resolve Turkey's liability would be a waste of the courts' and the parties' resources. In any event, as the § 1367(c) exceptions are prudential, the Court need not consider them.

A. <u>Plaintiffs' Claims Against the Individual Defendants and Turkey Form Part of the Same Case or Controversy</u>

As an initial matter, there has never been – and cannot be – any question that Plaintiffs properly invoked this Court's supplemental jurisdiction under § 1367(a), as Plaintiffs claims against the Individual Defendants plainly form the part of the same case or controversy as their claims against Turkey. All of Plaintiffs' claims arise out of the same discrete event – the May 16,

4

2017, attack outside the Turkish Ambassador's Residence. *See generally* Dkt. 63. Plaintiffs allege that Turkish agents and the Individual Defendants are joint tortfeasors for participating in the attack together. Indeed, the Court has held that Plaintiffs adequately alleged that three of the Individual Defendants aided and abetted the Turkish agents' actions during the attack. *See Kurd I*, 374 F. Supp. 3d at 50-51. In some instances, Plaintiffs allege that one or more Individual Defendants attacked a Plaintiff at literally the same time that a Turkish agent was attacking the same Plaintiff. *See, e.g.*, Dkt. 63 at ¶¶ 122, 160, 188. Plaintiffs' allegations easily satisfy § 1367(a). *See, e.g.*, *Hiram Walker & Sons, Inc. v. Kirk Line*, 877 F.2d 1508, 1512 (11th Cir. 1989) (supplemental jurisdiction proper over joint tortfeasors); *Montgomery v. Gove*, 2021 WL 4859345, at *2 (N.D. Ohio 2021) (supplemental jurisdiction proper over aider-and-abettor); *In re. Larry Doiron, Inc.*, 2013 WL 6384418, at *2 n.5 (W.D. La. 2013) (supplemental jurisdiction proper over joint tortfeasor).

      B.      <u>No § 1367(c) Factor Provides Grounds to Withdraw of Supplemental Jurisdiction</u>

As an initial matter, because § 1367(a) is indisputably satisfied and Plaintiffs' claims against the Individual Defendants thus form part of the "case or controversy" within the Court's Article III jurisdiction, the Court has subject matter jurisdiction. *See Mayor of City of Phila.*, 415 U.S. at 627; *Doe by Fein v. District Court*, 93 F.3d at 871. The Court need not – and has no occasion to – revisit the prudential § 1367(c) exceptions. *See Fein*, 93 F.3d at 871. Regardless, none of the § 1367(c) exceptions are present, so even if the Defendants had challenged this Court's exercise of supplemental jurisdiction, withdrawing jurisdiction would be improper.

      1.      <u>Turkey's default does not deprive the Court of supplemental jurisdiction.</u>

The Clerk's entry of default against Turkey does not affect this Court's supplemental jurisdiction over Plaintiffs' claims against the individuals Defendants.

The Clerk's entry of default does not remove Plaintiffs' claims against Turkey from this case. Under Rule 55, the Clerk's entry of default is only the first step in the process. Plaintiffs have moved for default judgment under Rule 55(b), but the Court has yet to enter it, and so Plaintiffs' claims against Turkey are still a live issue in this case. Indeed, because Turkey is a foreign sovereign, in ruling on Plaintiffs' pending motion, the Court still needs to assess Plaintiffs' evidence under 28 U.S.C. § 1608(e). If the Court grants Plaintiffs' motion, further proceedings against Turkey will be needed to assess Plaintiffs' damages. Accordingly, the Clerk's entry of default did not dispose of any claims before the court.

But even if the Court had already granted default judgment against Turkey, that would not affect its supplemental jurisdiction over Plaintiffs' claims against the Individual Defendants. Although the Court has discretion to withdraw supplemental jurisdiction after *dismissing* all claims within its original jurisdiction, § 1367(c)(3), "[a] default judgment is not a dismissal. Thus entry of default judgment on the underlying claims will not trigger application of § 1367(c)(3)." 13D Richard D. Freer, Fed. Prac. & Proc. (Wright & Miller) § 3567.3 & n.86 (3d ed. 2024 update); *see also Tr. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925-26 (9th Cir. 2003); *Pan-Am. Tel. Co. v. Municipality of San Juan*, 2012 WL 13027982, at *12 (D.P.R. 2012) ("Since default is not equivalent to dismissal, § 1367(c)(3) does not provide grounds for declining supplemental jurisdiction."), *report and recommendation adopted*, 2012 WL 13027988 (D.P.R. 2012); *Corp. Fin. Grp., Inc. v. McMahan*, 2009 WL 2997059, at *2 (W.D. Okla. 2009) ("[A] default judgment is not considered a dismissal for purposes of § 1367(c)(3), and therefore a district court may not decline to exercise supplemental jurisdiction on that basis."); *Morin v. Empiyah & Co.*, 389 F. Supp. 2d 506, 511 (S.D.N.Y. 2005).

*Construction Industry* is directly on point. There, the Plaintiffs sued a subcontractor under the Employee Retirement Income Security Act to recover a debt and sued the general contractor under a Nevada state statute to recover the same debt. *Id.* at 925. The district court entered default judgment against the subcontractor and then declined to exercise supplemental jurisdiction over the general contractor because no federal claims remained. *Id.* The Ninth Circuit reversed, holding that it is an abuse of discretion to decline otherwise proper supplemental jurisdiction solely because the claims forming the basis of the district court's original jurisdiction are resolved on default judgment. *Id.* at 926. The purpose of the rule allowing courts to decline supplemental jurisdiction after all federal claims have been dismissed is the concern that an "'unfounded claim of federal right' might nonetheless provide a federal court the opportunity to determine an issue of state law." *Id.* (quoting <u>Strachman v. Palmer, 177 F.2d 427, 433 (1st Cir. 1949)</u> (Magruder, C.J., concurring) (cited in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 n.15 (1966))). But unlike a dismissal, when a court grants default judgment on the federal claims, "[f]ar from determining that the federal claim was unfounded, the court's default judgment represents its determination that the federal claim was well-founded." *Id.* Plaintiffs are aware of no authority that conflicts with *Construction Industry*.

Here, as in *Construction Industry*, there can be no concern that Plaintiffs used an "unfounded" FSIA claim over Turkey as a back door to supplemental jurisdiction over the Individual Defendants. To the contrary, this Court and the D.C. Circuit have already held that Plaintiffs' FSIA claims are well founded, and it denied Turkey's motion to dismiss on that basis. Accordingly, the Court's exercise of supplemental jurisdiction remains proper.

### 2. Turkey's default creates no other reason to withdraw supplemental jurisdiction.

No other reason exists under § 1367(c) to withdraw supplemental jurisdiction. First, none of Plaintiffs' claims against the Individual Defendants raise a "novel or complex issue of State law." Most of Plaintiffs claims are run-of-the-mill common-law actions. These are not novel or complex. *See Holland v. O'Bryant*, 964 F. Supp. 4, 7 (D.D.C. 1997) (common-law claims of assault, battery, and intentional infliction of emotional distress "raise[] no novel or complex issue of law"); *see also, e.g.*, *Hayes v. District of Columbia*, 923 F. Supp. 2d 44, 50 (D.D.C. 2013) (retaining jurisdiction over common-law assault and battery claims despite dismissing claims under 42 U.S.C. § 1982). Plaintiffs' only non-common law claims against the Individual Defendants are hate crimes claims, which raises no novel or complex questions of law and requires only a straightforward reading of the D.C. Hate Crimes Statute, D.C. Code. Ann. § 22-3704. Even to the extent the Hate Crimes Statute raises any difficulties of interpretation, the Court already considered them and resolved them in its opinion denying Defendants Alpkenan Dereci's, Narin's, and Yildirim's motions to dismiss. *See Kurd I*, 374 F.Supp.3d at 57-59. Notably, Defendants Ahmet Dereci and Ellialti did not raise any challenge to Plaintiffs' hate-crimes claims in their later-filed motion to dismiss. *See* Dkt. 210-1. Turkey's default provides no reason to revisit the Court's careful analysis and does not add any difficulty to resolving these claims. Moreover, even if Plaintiffs' claims did raise complex or novel questions of state law (they do not), the Court would still have to resolve all the same issues with respect to Plaintiffs' motion for default judgment against Turkey, so declining jurisdiction over the Individual Defendants on this basis would not enable the Court to avoid passing on such questions.[2]

---

[2] To the extent Mr. Civiroglu's assertion of the D.C. Reporter's Shield Law, D.C. Code Ann. § 16-4702, adds an additional question of state law that Plaintiffs' motion against Turkey does not already implicate, it is neither complex nor novel. *See, e.g.*, *Grunseth v. Marriott Corp.*,

8

Second, Plaintiffs' claims against the Individual Defendants do not predominate over their claims against Turkey. Although Turkey has defaulted and thus cannot assert any defenses, Plaintiffs must still prove their claims against all Defendants. *See* § 1608(e); Dkt. 214. Moreover, "[p]redomination under section 1367(c)(2) relates to the type of claim" and where the state claims "essentially replicate the" federal claims in a case, the state claims cannot predominate over the federal claims. *Lindsay v. Gov't Emps. Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006). Here, Plaintiffs' claims against the Individual Defendants do not just "essentially replicate" their claims against Turkey, they exactly replicate those claims. Because the FSIA allows Plaintiffs to bring state law claims against Turkey, Plaintiffs bring the exact same claims under the exact same law against all Defendants.[3]

Third, there are no "exceptional circumstance[s]" presenting "other compelling reasons for declining jurisdiction." § 1367(c)(4). "In determining whether there are 'other compelling reasons,' the district court must balance 'economy, convenience, fairness, and comity.'" *Lindsay*, 448 F.3d at 425 (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). These considerations provide compelling reason for the Court to retain its jurisdiction. Given the substantial overlap in the claims asserted in Plaintiffs' pending motion for default judgment

---

868 F. Supp. 333, 336 (D.D.C. 1994) (analyzing § 16-4702 and noting its "clear wording"). Even if complexities lurk within the statute, they do not present themselves here. Mr. Civiroglu's and Defendant Yildirim's briefing does not raise any disputes over the § 16-4702's interpretation. Their disagreement is simply a factual dispute about whether Mr. Civiroglu was acting in his professional capacity while interacting with the Plaintiffs and, if so, whether Defendants can show the requested discovery implicates an important legal issue that cannot be discovered through alternative means and whether there is an overriding public interest in the disclosure. *See* Dkt. 313; Dkt. 314. And regardless, § 1367(c)(1) addresses only complex and novel issues raised by a party's "claim." By its plain terms, it does not give the district court discretion to withdraw jurisdiction because of issues raised by a third-party motion to quash, and there would be a particular unfairness to dismissing Plaintiffs' claims on such grounds.

[3] Plaintiffs bring certain claims only against Turkey but there are no claims they bring against the Individual Defendants that they do not also bring against Turkey.

9

against Turkey and their claims against the Individual Defendants, forcing the Plaintiffs and Individual Defendants to litigate in D.C. Superior Court while this Court resolves the Plaintiffs' identical claims based on identical events would be highly inefficient and would risk inconsistent judgments. Moreover, this case has been pending in this Court for over six years now. In that time, the Court has familiarized itself with the law and facts, issuing two substantial opinions and viewing an "abundance of video evidence." *Kurd I*, 438 F. Supp. 3d at 75. The parties have been actively conducting discovery for a year and a half and are nearly complete. Plaintiffs have three pending motions for summary judgment against the Individual Defendants. *See* Dkt. 246; Dkt. 254; Dkt. 269. Forcing the parties to re-start their litigation in a different court following different rules and procedures would cause a needless waste of time and resources. Thus, even if some factor existed that would otherwise favor withdrawing jurisdiction, doing so would be inappropriate here given the "time and resources" the parties and Court have invested into this litigation and the attendant considerations of "judicial economy, convenience and fairness to litigants." *Schuler*, 595 F.3d at 378-79 (internal quotation marks omitted); *see also, e.g.*, *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 598, 602 (5th Cir. 2009) ("[W]hen a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation . . . that court has abused its discretion under 28 U.S.C. § 1367"); *Miller Aviation v. Milwaukee Cnty. Bd. of Supervisors*, 273 F.3d 722, 731 (7th Cir. 2001) (district court should "retain jurisdiction over supplemental claims when substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." (internal quotation marks omitted)); *Bushrod v. District of Columbia*, 521 F. Supp. 3d 1, 11 n.7 (D.D.C. 2021) (retaining supplemental jurisdiction

10

despite dismissal of all federal claims because "the parties completed comprehensive discovery before this Court, where they have litigated for over two years"); *Hayes*, 923 F. Supp. 2d 44 at 50 (similar).

Additionally, if the Plaintiffs were to litigate their claims against the Individual Defendants in D.C. Superior Court, it would put the Superior Court in the position of having to sit in judgment of Turkey's actions. Plaintiffs allege the Individual Defendants aided-and-abetted and acted in concert with the Turkish agents. Even if this Court is the one to assess Turkey's liability, forcing the Superior Court to make judgments about its conduct would undermine the policies behind §1330 and the FSIA, and is a significant reason for maintaining jurisdiction in this Court.

In sum, the Clerk's entry of default against Turkey does not provide any reason to withdraw supplemental jurisdiction over Plaintiffs' claims against the Individual Defendants, and even if did, considerations of fairness, judicial economy, and federal policy would otherwise strongly favor retaining jurisdiction.

## IV.     CONCLUSION

For these reasons, the Court should continue to exercise supplemental jurisdiction over Plaintiffs' claims against the Individual Defendants.

Dated:  December 6, 2024                               Respectfully submitted,

By: */s/Agnieszka M. Fryszman*
Agnieszka M. Fryszman, DC Bar No. 459208
Nicholas J. Jacques, DC Bar No. 1673121
COHEN MILSTEIN SELLERS

11

& TOLL PLLC
1100 New York Ave NW, Fifth Floor
Washington, DC 20005
Telephone: 202.408.4600
AFryszman@cohenmilstein.com
NJacques@cohenmilstein.com

Michael E. Tigar, DC Bar No. 103762
870 United Nations Plaza, #9C
New York, NY 10017
Tel: (202) 549-4229
metigar@gmail.com

*Counsel for Plaintiffs*