IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Kurd, *et al.*, | ) |
|       Plaintiffs, | ) Civil Action No. 1:18-cv-1117-CKK |
| v. | ) |
| The Republic of Turkey, *et al.*, | ) |
|       Defendants. | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REFER THEIR MOTION FOR DEFAULT JUDGMENT AGAINST DEFNEDANT REPUBLIC OF TURKEY [DKT. 241] TO MAGISTRATE JUDGE SHARBAUGH**

The Court should refer Plaintiffs' Motion for Default Judgement Against Defendant Republic of Turkey to Magistrate Judge Sharbaugh for consideration alongside the parallel motion filed in *Usoyan v. Republic of Turkey*, No. 1:18-cv-1141-CKK. Allowing Judge Sharbaugh to consider these motions together is the best use of the Court's and the parties' resources, and nothing in the Individual Defendants' opposition cautions otherwise.

The Individual Defendants' primary point of opposition is their pending motion to defer to consideration of Plaintiffs' default motion pursuant to the *Frow* doctrine. *See* Dkt. 249; *see also Frow v. De La Vega*, 82 U.S. 552 (1872). The Individual Defendants' pending motion is no reason to deny Plaintiffs' motion to refer their default judgment motion to Judge Sharbaugh. First, as, explained in Plaintiffs' opposition to the Individual Defendants' motion to defer, the Individual Defendants' motion is contrary to binding D.C. Circuit precedent. The D.C. Circuit reads *Frow* to establish that in case with multiple defendants, only one of which is in default, default judgment should be deferred only "where the theory of recovery is one of true joint liability, such that, as a matter of law, no one defendant may be liable unless all defendants are liable." *Carter v. District of Columbia*, 795 F.2d 116, 137 (D.C. Cir. 1983) (quoting 6 J. Moore,

Moore's Federal Practice ¶ 55.06, at 55–38 to 55–39 (2d ed. 1985)); *see generally* Pls.' Mem. In Opp'n to the Individual Defs.' Joint Mot. to Defer Default Judgment, Dkt. 257, at 12-18. This case is not one of "true joint liability" because a factfinder could find Turkey liable while absolving the Individual Defendants, so there is not risk of an "irreconcilable conflict." *United States v. All Assets Held in Acct. No. XXXXXXX, in Name of Doraville Props. Corp., at Deutsche Bank Int'l in Jersey, Channel Islands*, 330 F. Supp. 3d 150, 158 (D.D.C. 2018); *see also* Restatement (Third) of Torts: Apportionment of Liability § 12 (Am. L. Inst. 2000) (joint tortfeasors are subject to joint and several liability, not true joint liability). Accordingly, the pendency of the Individual Defendants' meritless motion to defer should not stop this Court from referring Plaintiffs' motion for default judgment to Judge Sharbaugh for consideration alongside the parallel *Usoyan* motion.

Apart from being wrong on the law, the Individual Defendants through three briefs have been wholly unable to explain the "prejudice" they claim they will suffer if the default-judgment motion is decided before Plaintiffs' claims against the Individual Defendants are resolved. The Individual Defendants do not even contend that they will be bound by any findings made in support of a default judgment against Turkey. Plaintiffs have a lower standard of proof under 28 U.S.C. § 1608(e), which can be satisfied with a lesser "quantum and quality of evidence . . . than that normally required" in contested proceedings. *Owens v. Republic of Sudan*, 864 F.3d 751, 785 (D.C. Cir. 2017) (internal citations and quotations omitted), *rev'd sub. nom. on other grounds*, *Opati v. Republic of Sudan*, 140 S. Ct. 1601 (2020). Accordingly, any finding that Plaintiffs have presented "evidence satisfactory to the Court" under § 1608(e) could not prejudice the Individual Defendants' ability to argue that Plaintiffs cannot prove the same facts by a preponderance of evidence. And if the Court enters default judgment against Turkey but

then the Individual Defendants prevail at trial, there is no prejudice to the Individual Defendants. And regardless of what happens here, Magistrate Judge Sharbaugh will issue a report and recommendation in the *Usoyan* case, which contains many similar allegations. In the 22 months that motion has been pending, the Individual Defendants have not sought to intervene in that motion, implicitly conceding that their prejudice argument is without merit.

Regardless, even if the Individual Defendants' motion had merit to it (it does not), there is no inconsistency between the relief Plaintiffs request and the relief the Individual Defendants request. Plaintiffs simply request the Court refer their motion for default judgment to Judge Sharbaugh for a report and recommendation so that Judge Sharbaugh can consider it alongside the parallel *Usoyan* motion. Were the Court to agree with the Individual Defendants' position, it could still defer adoption of the report and recommendation until a time the Court deems appropriate. Either way, the most efficient path is for the Court to refer the motion to Judge Sharbaugh for a report and recommendation while the *Usoyan* motion is under his consideration.[1]

This case has been pending now for more than six years and it has been more seven years since Plaintiffs were attacked at Sheridan Circle. One Plaintiff has already passed away in the interim. Whatever time is needed before the Plaintiffs can bring their claims against the Individual Defendants to trial, the Individual Defendants should not be permitted to delay consideration of Plaintiffs' claims against Turkey. The Individual Defendants' motives for doing

---

[1] Defendants alternatively suggest that their motion to defer also be referred to Judge Sharbaugh. Plaintiffs do not object if the Court believes that is the best course of action, though they believe it is unnecessary as Defendants' motion is easily resolvable based on the clear D.C. Circuit precedent that contradicts their motion.

3

so are a mystery, as Plaintiffs' motion for default judgment simply does not concern the Individual Defendants.

Plaintiffs request that the Court grant their motion and refer their motion for default judgment to Judge Sharbaugh.

Dated: February 14, 2025

Respectfully submitted,

By: /s/Agnieszka M. Fryszman
Agnieszka M. Fryszman
Nicholas J. Jacques
COHEN MILSTEIN SELLERS
& TOLL PLLC
1100 New York Ave NW, Fifth Floor
Washington, DC 20005
Telephone: 202.408.4600
AFryszman@cohenmilstein.com
NJacques@cohenmilstein.com

Michael E. Tigar, DC Bar No. 103762
870 United Nations Plaza, #9C
New York, NY 10017
Tel: (202) 549-4229
metigar@gmail.com