UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KASIM KURD, *et al.*,
    Plaintiffs,
    v.
REPUBLIC OF TURKEY, *et al.*,
    Defendants.

Civil Action No. 18-1117 (CKK)

**MEMORANDUM OPINION & ORDER**
(February 14, 2025)

Plaintiffs filed a [323] Motion for Referral (the "Motion" or "Mot.") requesting that the Court directly refer Plaintiffs' [241] Motion for Default Judgment to Magistrate Judge Matthew J. Sharbaugh. Defendants Cengizhan Dereci, Alpkenan Dereci, Eyup Yildirim, Sinan Narin, and Sami Ellialti (together, the "Individual Defendants") opposed that Motion. *See* Defs.' Resp., ECF No. 325. And Plaintiffs' replied. *See* Reply, ECF No. 326. For the reasons that follow, the Court will **GRANT** the Motion.

At one point, Defendant the Republic of Turkey ("Turkey") participated in this litigation. In 2019, Turkey moved to dismiss all claims against it for lack of subject-matter jurisdiction under the Foreign Sovereign Immunities Act (FSIA). *See* Mot. to Dismiss, ECF No. 90. The Court denied Turkey's motion in 2020. *See* Order, ECF No. 115. More than a year later, the D.C. Circuit affirmed that ruling and later denied Turkey's petition for rehearing *en banc*. *See Usoyan v. Republic of Turkey*, 6 F.4th 31 (D.C. Cir. 2021). Another year later, the Supreme Court denied Turkey's petition for a writ of certiorari. *See Republic of Turkey v. Usoyan*, 143 S. Ct. 395 (2022).

Beginning with this Court's initial Memorandum Opinion, and throughout all of Turkey's appeals, consideration of Turkey's sovereign immunity in this matter was consolidated with a

1

"separate but factually similar case[]" also before this Court: *Usoyan v. Republic of Turkey*, No. 18-cv-1141 (CKK). Mem. Op., ECF No. 116 at 1.

When this matter finally returned to this Court, counsel for Turkey notified the Court that Turkey would no longer participate in this litigation. *See* Mot. to Withdraw, ECF No. 167. Plaintiffs then filed an Affidavit for Default. ECF No. 170. And the Clerk of Court entered default against Turkey in November 2022. ECF No. 173. This matter was then stayed until 2023 to accommodate parallel criminal actions. Mem. Op. & Order, ECF No. 177; Order, ECF No. 191.

When that stay lifted, the parties proceeded to discovery as to the Individual Defendants. *See* Scheduling & Procedures Order, ECF No. 190. And the Court set a briefing schedule for Plaintiffs to seek default judgment as to Turkey's liability. Min. Order (Apr. 12, 2023). Following that schedule, Plaintiffs filed their Motion for Default Judgment on September 29, 2023. That motion seeks a default judgment as to Turkey's liability only; Plaintiffs intend to "present their damages evidence separately" at a later date. Mot. for Default Judgment, ECF No. 241 at 10 n1.

A similar pattern followed in *Usoyan*. And in 2024, this Court entered an order randomly referring the *Usoyan* plaintiffs' motion for default judgment against to a Magistrate Judge for a Report and Recommendation. *See* Order (ECF No. 129), *Usoyan v. Republic of Turkey*, No. 18-cv-1141 (D.D.C. Dec. 4, 2024) (CKK). Eventually, that referral was assigned to Magistrate Judge Matthew J. Sharbaugh. Min. Entry (Jan. 31, 2025), *Usoyan v. Republic of Turkey*.

Plaintiffs in this matter now "request that the Court refer their motion for default judgment against Turkey to Magistrate Judge Sharbaugh so that he may consider it alongside the[] *Usoyan* [p]laintiffs' motion." Mot. at 2. They argue that doing so "would promote judicial efficiency and reduce the risk of conflicting judgments" given the similarity of the two matters. *Id.* And they

observe that consolidation of the two motions for default judgment "would comport with [the] past practice in this litigation" of combining considerations relevant to Turkey. *Id.*

The Individual Defendants opposed Plaintiffs' request to consolidate the default judgment proceedings. Defs.' Resp. at 1. The Individual Defendants identified two bases for this opposition. *Id.* at 2. First, the Individual Defendants argued that referring Plaintiffs' motion for default judgment would prejudice them because they had previously filed a [249] Joint Motion to Defer Default Judgment that required resolution first. *Id.* Second, repeating the argument in their Joint Motion to Defer, the Individual Defendants argued that they would be prejudiced if Turkey's liability were determined before their own liability had been resolved. *Id.* at 2–3.

But the Court has now issued a [327] Memorandum Opinion and Order denying the Individual Defendants' Joint Motion to Defer. The Individual Defendants' first objection to referral is thus moot. And the Court resolved the Individual Defendants' second objection to referral in its Memorandum Opinion.

Because the Court agrees with Plaintiffs that consolidation of the two motions for default judgment would promote judicial efficiency, and because the Individual Defendants' objections to referral are unpersuasive, the Court hereby **ORDERS** that Plaintiffs' [323] Motion for Referral is **GRANTED**. The Court will effect that referral by separate order.

**SO ORDERED.**

**Dated:** February 14, 2025

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge