UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KASIM KURD et. al. ) | |
| ) | |
| plaintiffs ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-1117-CKK |
| ) | |
| REPUBLIC OF TURKEY et. al. ) | |
| ) | |
| defendants. ) | |

**RESPONSE TO DEFENDANTS AHMET CENGIZHAN DERECT, ALPKENAN DERECI, AND EYUP YILDIRIM SUPPLEMENTAL RESPONSE TO AMICUS BRIEF FILED BY REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS IN SUPPORT OF MOTION TO QUASH**

COMES NOW, Mutlu Civiroglu, through his attorney, and files this supplemental response in support of his Motion to Quash in response to this court's order dated April 22, 2025.

Defendants filed their response May 16, 2025, to the Amicus Curiae brief filed by the Reporters Committee for Freedom of the Press, with the protected confidential information as Exhibit 1. Defendant Eyup Yildirim is the only defendant who filed a subpoena against Mr. Civiroglu, a non-party. Defendants Ahmet Cengizhan Dereci and Alpkenan Dereci have no grounds to file a response to an Amicus brief regarding a motion to quash a subpoena served on a non-party in this suit.

Upon review of the transcript shown by defendants filing Exhibit 1, the transcript supports Mr. Civiroglu's argument that he was acting in the capacity as an investigative reporter by organizing and participating in a What Apps chat group with some of the plaintiffs in this case.

On page 3 of Exhibit 1 Line 20 a person asks Mr. Civiroglu the question: ▄▄▄▄▄▄
▄▄▄▄▄▄▄▄▄▄▄
Mr. Civiroglu, responds by asking the question: ▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄
Later. Mr. Civiroglu attempts to extract additional information and requests the

1

person to clarify by asking the question: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
These questions are typical open-ended questions a reporter asks to collect objective information without leading the participant towards a specific answer. They are also typical questions reporters ask a person who experienced or observed an event. Defendants claim that the information they seek goes to the central issue in this case. In support of their claim, defendants argue that Mr. Civiroglu has information that relates to the strategy used by the plaintiffs' attorneys to sue the various defendants. That is a moot point in this case at this stage in the litigation. Defendants also claim that the information they seek goes to the central issues of this case because they find information that could be used to impeach witnesses at trial. This is also not a central issue to this case which is based on plaintiff's claims for tortious injuries.

The courts in this jurisdiction have been consistent in their application of the case law to challenges to overcome a qualified reporter's privilege under the First Amendment and federal case law in a civil case. The party requesting disclosure must show a compelling interest in the disclosure from a journalist that goes to the central issues in the case and the party requesting disclosure must exhaust every reasonable alternative source of information, and show a compelling public interest for the disclosure of this information as in cases like <u>Zerilli v. Smith</u>, 656 F.2d 705, 711 n.39, 211 U.S. App. D.C. 116 (D.C. Cir. 1981) <u>Hutira v. Islamic Republic of Iran,</u> 211 F. Supp. 2d 115 (D.D.C. 2002), <u>Wen Ho Lee v. United States Department of Justice,</u> 413 F.3d 53, 401 F. Supp. 2d 123, (D.D.C. 2005) <u>Peck v. City of Boston (In re Slack)</u> 768 F. Supp. 2d 189 (D.D.C. 2011);

When a party in a civil action seeks to subpoena a non-party journalist, the holding in the <u>Zerilli</u> case requires this court to apply the two guidelines test for balancing First Amendment

2

privilege against the litigant's need for information. First, the requested information must be central to the case and not merely be marginally relevant. Id, 656 F.2d at 713. Second, the plaintiff must have exhausted "every reasonable alternative source of information" so that journalists are not simply a default source of information for plaintiffs. Id.

When apply the facts in this case, as shown in Exhibit 1 of defendants' filing of their response to Amicus Brief, the transcript in Exhibit 1 shows this court that Mr. Civiroglu was acting in his capacity as a reporter to collect information regarding the May 17, 2017 event at Sheridan Circle by creating a Whats App chat group for persons to participate and discuss what they saw and know about the event.

The Amicus Curiae brief filed by the Reporters Committee for Freedom of the Press outlines the legal authorities supporting this court's consistent rulings that uphold the First Amendment's protection of a journalist's sources and that are consistent with the protection of the Free Flow of Information Act D.C. Code §§ 16-4701 et seq.

Based on the statutory and case law and facts in this case, the strong protections embedded in the First Amendment privilege and the D.C. Shield Law must be applied to quash the subpoena served on Mr. Civiroglu, a non-party to this litigation.

                                      Respectfully submitted,
                                      MUTLU CIVIROGLU
                                      By Counsel

    / S /
JACOB D. BOURNAZIAN Bar No. 403552
Counsel for MUTLU CIVIROGLU
1425 4th Street SW #A808
Washington, DC  20024
(202) 554 – 4978

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2025, I caused a copy (with redaction) of this Response to defendants Ahmet Cengizhan Dereci, Alpkenan Dereci, and Eyup Yildirim Supplemental Response To Amicus Brief filed by Reporters Committee For Freedom of the Press in support of motion to quash on all counsel of record via the Court's electronic system.

      / S /
Jacob D. Bournazian, Esq.